

THE CITY OF NEW YORK

# LAW DEPARTMENT

100 CHURCH STREET  
NEW YORK, NY 10007

MICHAEL A. CARDOZO  
*Corporation Counsel*

JORDAN M. SMITH  
Special Federal Litigation Division  
(212) 788-0869  
fax: (212) 788-9776  
josmith@law.nyc.gov

February 15, 2008

**BY HAND**  
Honorable Gerard E. Lynch  
United States District Judge  
Southern District of New York  
United States Courthouse  
500 Pearl Street, Room 910  
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/10/08
```

Re: Krystal Bennett, et ano. v. City of New York, et al.  
08-CV-914 (GEL)

Your Honor:

   I am an attorney in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, assigned to the defense of the above-referenced federal civil rights lawsuit. I respectfully write to request a sixty-day enlargement of defendant City of New York's time to answer or otherwise respond to the complaint from February 28, 2008, to April 29, 2008. In addition, defendants respectfully request that the initial pre-trial conference scheduled for Wednesday, February 20, 2008, at 4:00 p.m., be adjourned.

   There are several reasons for seeking an enlargement of time to respond to the complaint. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need this additional time to investigate the allegations of the complaint. In this case, the plaintiffs allege that unidentified New York City police officers harassed and then arrested the plaintiffs in the early morning hours of September 27, 2006. Plaintiff allege that these officers used excessive force in taking them into custody and handcuffing them. Plaintiffs allege that they were transported to a police precinct, where each was given a summons by named defendant Officer Pabon. Plaintiffs claim all criminal charges were ultimately dismissed. Assuming this is true, the records of the underlying criminal action, including police records, are sealed pursuant to New York Criminal Procedure Law § 160.50. Therefore, this office is in the process of forwarding to plaintiffs' counsel for execution a consent and authorization for the

release of those sealed records so that defendant can access the information, properly assess the case and respond to the complaint.

In addition, the additional time should also give this office the opportunity to determine, pursuant to Section 50-k of the New York General Municipal Law, and based upon a review of the facts of the case, whether we may represent Officer Pabon. *See Mercurio v. The City of New York, et al.,* 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting *Williams v. City of New York, et al.,* 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). Plaintiff's counsel, Rachel Kleinman, Esq., of Beldock, Levine & Hoffman, LLP, does not consent to this request, although she is willing to consent to a 30-day enlargement of time to respond to the complaint. Defendants respectfully submit that, generally speaking, it takes between thirty and sixty days to receive records from the New York City Police Department, District Attorney's Office and Criminal Court after receipt of an executed release for sealed records from plaintiff. Therefore, defendants believe the sixty-day enlargement of time is appropriate.

Defendants request that the initial pre-trial conference be adjourned for two reasons. First, I am already scheduled to appear at a conference at 3:30 p.m. on February 20, 2008, in the United States District Court for the Eastern District of New York; therefore, I would be unable to attend the conference in this case. Second, as explained above, this office is unable to access records of the incident; therefore, we would be unprepared to knowledgeably discuss the appropriate timing for discovery, prospects for settlement or any other topic typically discussed at an initial pre-trial conference. Nor are we likely to know whether this office will be representing the named individual defendant, Officer Pabon, or the identities of the "John Doe" officers. Defendants respectfully request that the initial conference be adjourned to a date on or after the date when their response to the complaint is due to be served. I discussed these issues with Ms. Kleinman, who indicated that plaintiff opposes any adjournment of the conference beyond next week.

No previous request for an enlargement of time to respond to the complaint or an adjournment of the conference has been made. Accordingly, it is respectfully requested that defendant City of New York's time to answer or otherwise respond to the complaint be enlarged from February 28, 2008, to April 29, 2008, and that the initial pre-trial conference scheduled for Wednesday, February 20, 2008, at 4:00 p.m., be adjourned to a date on or after the date for service of defendant's response to the complaint. → Friday, May 2, 2008 at 10 a.m.

Thank you for your consideration of these requests.

Respectfully submitted,

Jordan M. Smith
Assistant Corporation Counsel

cc:   Rachel Kleinman, Esq.
      (by fax to (212) 557-0565)

SO ORDERED

_____
GERARD E. LYNCH, U.S.D.J.
2/19/08

- 2 -