UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KRYSTAL BENNETT AND PATRICIA HOWARD,

                Plaintiffs,

-against-

THE CITY OF NEW YORK, OFFICER PABON,
HOUSING BUREAU PSA 5, AND JOHN DOES 1-3,

                Defendants.

------------------------------------------------------------------------ x

**ANSWER TO COMPLAINT**

08 CV 914 (GEL)

JURY TRIAL DEMANDED

        Defendants City of New York and Police Officer David Pabon, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the first amended complaint, respectfully alleges, upon information and belief, as follows:

        1.   Deny the allegations set forth in paragraph "1" of the complaint, except Admit that plaintiff purports to proceed as stated therein.

        2.   Deny the allegations set forth in paragraph "2" of the complaint, except Admit that plaintiff purports to place venue as stated therein.

        3.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

        4.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

        5.   Admit the allegations in paragraph "5" of the complaint.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that Police Officer Pabon is an employee of the New York City Police Department and was assigned to the Housing Bureau, Police Service Area 5.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint..

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that plaintiff Bennet was outside of 263 West 114th Street on September 27, 2006, at approximately 2:00 a.m.

10. Deny the allegations set forth in paragraph "10" of the complaint.

11. Deny the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint, except that both plaintiffs Bennet and Howard were placed into a police van.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Admit the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint, except admit that plaintiffs were issued summonses for disorderly conduct.

27. Admit the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. The allegations in paragraph "33" of the complaint are conclusions of law and not averments of fact warranting a response.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint, including subparts a-f.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. In response to the allegations set forth in paragraph "42" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "41", inclusive of this answer, as is fully set forth herein.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint, except admit that a document purporting to be a notice of claim was filed with the City.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny that the plaintiffs are entitled to any of the relief demanded in paragraphs A-D, immediately following paragraph "48".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

50. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

51. The City of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

52. At all times relevant to the acts alleged in the complaint, the duties and functions of the City's officials entailed the reasonable exercise of their proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

- 5 -

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

53. Any injury alleged to have been sustained resulted, in whole or in part, from plaintiff's culpable or negligent conduct and was not the proximate result of any act of the defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

54. Plaintiff failed to comply with the statutory requirements of New York Municipal Law 50-e and therefore any claims arising under that statute should be summarily dismissed as a matter of law.

### AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE:

55. Plaintiff provoked any incident.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:

56. Plaintiff cannot obtain punitive damages as against the City of New York.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:

57. The arrest and detention of plaintiff was privileged.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

58. Defendant Pabon is entitled to qualified immunity.

**WHEREFORE,** defendants City of New York and Police Officer David Pabon respectfully request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York

April 29, 2008

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                              City of New York

- 6 -

                                                   Attorney for Defendants City of New York
and Police Officer David Pabon
100 Church Street
New York, New York 10007
(212) 788-0987

By:   /S/ Brian G. Maxey
BRIAN MAXEY (BM 0451)

To:       Robert L. Herbst, Esq.
           Rachel M. Kleinman, Esq.
           Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KRYSTAL BENNETT AND PATRICIA HOWARD,

                                                  Plaintiffs,

-against-

THE CITY OF NEW YORK, OFFICER PABON, HOUSING BUREAU PSA 5, AND JOHN DOES 1-3,

                                                  Defendants.

---

**ANSWER**

---

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
   *Attorney for Defendants*
   *100 Church Street, 3-178*
   *New York, N.Y.  10007*

   *Of Counsel:  Brian G. Maxey*
   *Tel:  (212) 788-0987*
   *NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ...................................., 2008 . . .*

*.....................................................................Esq.*

*Attorney for.........................................................*